U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 21 2004
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, et al., | § | |
| | § | |
| Plaintiffs/Petitioners, | § | |
| vs. | § | CIVIL ACTION NO. 3-01CV2247-N |
| | § | |
| RECEIVABLE FINANCE COMPANY, L.L.C., et al., | § | |
| | § | |
| | § | |
| Defendants/Respondents. | § | |

## DEFENDANT DR. LOUIS SAUCEDO'S BRIEF
## IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

June 21, 2004

JONES, ALLEN & FUQUAY, L.L.P.
8828 Greenville Avenue
Dallas, Texas 75243
(214) 343-7400 (Telephone)
(214) 343-7455 (Facsimile)

By: _____
Lindy D. Jones
State Bar NO. 10925500
ATTORNEYS FOR DEFENDANT
LOUIS SAUCEDO, D.C.

TABLE OF CONTENTS

I.   Background ................................................................. 1

II.  Statement of Uncontroverted Facts ........................................... 2

III. Standard of Review .......................................................... 3

IV.  Argument and Authorities .................................................... 4

    A.  There was No Interference with Dr. Saucedo's
        Professional Judgment or Practice. ................................. 4

    B.  Allstate Cannot Recover on its Common Law
        Fraud As a Matter of Law .......................................... 6

        (i)   Allstate Did Not Rely On Any Representations ..................... 6

        (ii)  All Such Treatment Rendered Was Medically Necessary. ............. 7

V.   No Conspiracy Exists as a Matter of Law ..................................... 9

VI.  The Doctors Owe No Duty To Allstate ......................................... 11

VII. Summary Judgment Evidence ................................................... 12

VIII. Conclusion ................................................................. 13

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, *et al.*, § | |
| § | |
| Plaintiffs/Petitioners, § | |
| vs. § | CIVIL ACTION NO. 3-01CV2247-N |
| § | |
| RECEIVABLE FINANCE COMPANY, § | |
| L.L.C., *et al.*, § | |
| § | |
| Defendants/Respondents. § | |

### DEFENDANT DR. LOUIS SAUCEDO'S BRIEF
### IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

NOW COMES Dr. LOUIS SAUCEDO, D.C. ("Defendant" or "Dr. Saucedo") and files this his Brief in Support of his Motion for Summary Judgment against the Plaintiffs, Allstate Insurance Company, et al. ("Allstate" or "Plaintiffs"), and would show as set forth below the following:

### I. Background

1.  Defendant moves the Court for summary judgment in accordance with the provisions of Rule 56(c) of the Federal Rules of Civil Procedure. Summary Judgment is proper in this case because the Pleadings, the Brief and the evidence set forth in the Appendix show there is no genuine issue of any material fact regarding any of Plaintiffs' causes of action, and further, because Defendant is entitled to judgment as a matter of law.[1] Allstate originally sued Defendant for forty-one million dollars ($41,000,000.00) plus punitive damages but has reduced its claimed damages

---

[1] Although the Court has not granted Plaintiffs' Motion for Leave To File Second Amended Complaint, this Motion will address each of the claims set forth in both the First Amended Complaint and the Second Amended Complaint as if it was on file before the Court.

by thirty-one million dollars ($31,000,000.00) to approximately eight million ($8,000,000.00) by its proposed Second Amended Complaint. Allstate's alleged claims against Dr. Saucedo can be summarized as follows:

    a.    Rendered treatment to patients that was improper, unreasonable or medically unnecessary; (2nd Amended Comp. ¶ 150)

    b.    Inflated the chiropractic costs through the use of particular CPT codes; (2nd Amended Comp. ¶ 153)

    c.    Directed automobile accident patients through a set pattern of referrals and treatment, regardless of the patients' symptoms or injury;

    d.    Was subject to the control of Robert Smith, and other non-doctors of chiropractic.

2.    Defendant will show that all treatment rendered was proper, reasonable and medically necessary and the summary judgment proof will further prove there is no genuine issue of fact on any element of Plaintiffs' causes of action. Therefore, Dr. Saucedo is entitled to judgment that Plaintiffs take nothing as a matter of law. Further, there is no evidence to support essential elements of Plaintiffs' fraud claim.

## II. Statement of Uncontroverted Facts

3.    A statement of uncontroverted facts is as follows:

    a.    Dr. Saucedo is a chiropractor duly licensed by the State of Texas and is in good standing; (App. No.1, Saucedo Aff. ¶1)

    b.    The majority of the patients treated by Dr. Saucedo and other Accident and Injury Pain Centers, Inc. ("A&I") did not have health insurance;

    c.    All but a few of the patients at issue were <u>not</u> insureds of Allstate, but were third party claimants against Allstate's insured;

    d.    All treatment billed for was actually performed and there is no issue that billings existed for treatments not received;

          billings existed for treatments not received;

e.    Dr. Saucedo was employed by A&I where he served as a clinic director. Dr. Saucedo signed an employment agreement with A&I to perform professional services in various A&I chiropractic clinics; (App. No. 1, Saucedo Aff ¶ 4)

f.    Dr. Saucedo treated or oversaw the treatment of 11 of the patients at issue in this case; (App. No. 1, Saucedo Aff ¶5)

g.    Dr. Saucedo was a salaried employee of A&I. (App. No. 1, Saucedo Aff. ¶11); and

h.    Defendant's expert William Timberlake, D.C.'s report contained only a review of 104 files, not each of the approximately 1700 files at issue. Only 3 of the files reviewed by Dr. Timberlake involved patients treated by or under the supervision of Dr. Saucedo.

### III. Standard of Review

4.    Summary Judgment is proper if the pleadings, discovery products on file, and affidavits show there are no genuine issues about any material fact and that the movant is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Baton Rouge Oil & Chem Workers v. ExxonMobil Corp.* 289 F.3d 373, 375 (5th Cir. 2002). The defendant who seeks summary judgment on plaintiff's cause of action must demonstrate an absence of a genuine issue of material fact by either (i) submitting summary judgment evidence that negates the existence of a material element of plaintiff's claim or (ii) showing there is no evidence to support an essential element of plaintiff's case. *J. G. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc.,* 76 F.3d 1245, 1251 (1st Cir. 1996). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

5.    Once the moving party has made an initial showing, the party opposing the motion

must offer evidence sufficient to show the existence of the required elements of the party's case. *Matsushita Elec. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Mere assertions of factual dispute unsupported by probative evidence will not prevent summary judgment. *Anderson,* 466 U.S. at 256. The party defending against a motion for summary judgment cannot defeat the motion unless it provides specific facts that show the case presents a genuine issue of material fact, such that a reasonable jury might return a verdict in that party's favor. *Id.* at 256-57. Conclusory assertions, unsupported by specific facts, presented in affidavits opposing the motion for summary judgment are likewise insufficient to defeat a proper motion for summary judgment. *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex,* 477 U.S. at 322-23.

## IV. Argument and Authorities

### A. There was No Interference with Dr. Saucedo's Professional Judgment or Practice.

6.      Under Texas state law, the Texas Board of Chiropractic Examiners may refuse to admit a person to examination and may revoke or suspend a license or place the license holder on probation for a period determined by the Board for:

                            *       *       *

   (16)   allowing one's chiropractic license to be used by another person to practice chiropractic; [and]

                            *       *       *

> (19) failing to clearly differentiate a chiropractic office or clinic from another business or enterprise.

Tex.Occ.Code § 201.502(a).

Further, Texas state law also provides that "no facility owner or employee, other than the primary treating doctor of chiropractic, shall control or attempt to control, in any way whatsoever, the professional judgment of such treating doctor with respect to patient care and treatment." 22 T.A.C. § 74.5(b). Therefore, there is no prohibition against a corporate practice of chiropractic in Texas. The law clearly contemplates the ownership of a business not owned by a chiropractor that employs chiropractors such as A&I.

7. The employment agreements between A&I and Dr. Saucedo contemplate that A&I is not involved in the patient care in the provision of chiropractic services. Specifically, the following sections of his Associate Doctor Agreement provides:

> [Section 3 of Associate Doctor Agreement] "Robert M. Smith's assistance of doctor hereunder, (personally and through the company and/or the holding company), including consulting with doctor concerning communication and management skills and the matters to be provided by the company hereunder, is not intended to, nor shall be construed as, interfering or controlling or attempting to control in any manner whatsoever, doctor's professional judgment or manner of practice of chiropractic." (App. No. 1, Saucedo Aff. ¶ 4, Exhibit B)

This agreement shows that the intent of the parties was for A&I to expressly **NOT** be involved in the operation or the practice of chiropractic medicine. Further, such agreement shows that the chiropractors were free to use their independent judgment and the uncontroverted testimony shows that Dr. Saucedo did not permit his license to be used by others, or that anyone besides Dr. Saucedo controlled his professional judgment with respect to the patient care and treatment rendered by him in his employ with A&I. (App. No. 1, Saucedo Aff. ¶¶7,8,9,10,11)

8.      Further, Dr. Saucedo, is a salaried employee with A&I, and received no bonus or incentives for referral of patients to the other Defendants in this lawsuit; nor did he receive any bonus or additional compensation (other than a salary) for the number and methods of treatment or referrals for MRIs in connection with the treatment of his patients. (App. No. 1, Saucedo Aff. ¶11)

### B. Allstate Cannot Recover on its Common Law Fraud As a Matter of Law

**(i)** *Allstate Did Not Rely On Any Representations.*

9.      Allstate claims in its complaint that it relied on the purported misrepresentations in evaluating the bodily injury claims made by A&I patients to determine the settlement of claims made against them and their insureds and suffered by paying money to Defendants for fraudulent and inflated health care treatment. (2nd Amended Comp. ¶ 198). However, the uncontroverted summary judgment proof from Allstate's own witness shows that Allstate designated A&I as a provider on hold as of October 1999. This designation resulted in Allstate " flagging all claims with treatment by A&I" for questionable medical necessity. (App. No. 5, CM 17136-CM17138).  Therefore, as a matter of law, Allstate did not rely on any such representations by A&I at a minimum since November 1, 1999, in determining claims and consequently cannot recover on its fraud claim.

To constitute actionable fraud based upon misrepresentations, Allstate must show:

(a)     a material mis-representation was made, the speaker knew it was false, or it was made recklessly without any knowledge of its truth;

(b)     it was false;

(c)     When the representation was made, the speaker knew it was false, or it was made recklessly without any knowledge of its truth;

(d)     the speaker made the representations with the intent it be acted on by the other party;

(e) the other party acted in reliance on the representations; and

(f) the party thereby suffered injury.

Each of these elements must be established in order for there to be a recovery. *De Santis v. Wackenhut Corp.* 793 S.W.2d 670, 688 (Tex. 1990). Plaintiffs cannot adduce any evidence that it relied on any representations and in fact the summary judgment proof shows the opposite; therefore, Defendants cannot be liable for fraud as a matter of law.

**(ii)** *All Such Treatment Rendered Was Medically Necessary.*

10. As set forth above, Allstate cannot establish the fundamental element of reliance as to any of Dr. Saucedo's representations. Further, Allstate cannot recover on its fraud claim as it has no summary judgment proof that any of the representations were false, as each and every treatment performed by Dr. Saucedo was medically necessary, reasonable and proper. (App. No. 1, Saucedo Aff. ¶5) In its complaint, Allstate contends the Doctors' false and misleading statements and omissions include thirty-three (38) representations. (2nd Amended Comp. ¶ 189).

11. The uncontroverted testimony shows that Dr. Saucedo reviewed each of the patient files for the patients treated at his clinic as referenced by Allstate for the clinic where he was director. Dr. Saucedo did not participate, witness or become aware of any unreasonable care or billing at any of the A&I clinics. Dr. Saucedo treated each and everyone of his patients based on what he determined was best for each one and what was medically necessary for such patient. Such treatment was based on the patient history, the patient complaints regarding any injuries, physical examination and his observations and training. Although he was subject to supervision by the chief and assistant chief of staff of A&I (both licensed chiropractic doctors), they, nor any non-chiropractor, interfered in patient treatment which he found to be medically necessary. Further, no

lay person ever influenced or directed any treatment. Dr. Saucedo additionally testified that diagnostic tests such as x-rays, magnetic resonounce imaging (MRIs), and CT scans were only ordered when he determined such items were medically necessary to properly treat the patients. He was free to refer patients to any facility for such diagnostic tests but normally used the entities which he subsequently discovered had common ownership with A&I. These referrals were based on medical necessity but were partially influenced by the quality of service, convenience and the fact that such items could be performed without advancing patient payment, but could be handled by a letter of protection from that patient's attorney related to a third party claim. All such medical treatment rendered by Dr. Saucedo to each patient was reasonable and necessary and was rendered on the date set forth on each of the pertinent billing statements. (App. No. 1, Saucedo Aff. ¶¶5-11).

12. Dr. Saucedo did not treat patients pursuant to a set pattern as claimed by Allstate. Rather, all such patients were treated by a determination of patient need based on the aforementioned factors. Dr. Saucedo did not allow his name to be ascribed on any HCFA-1500 forms or other forms if such treatment was not specifically authorized by him and was not medically necessary for the treatment of the patient. No treatment by Dr. Saucedo was based on any profit for the other Defendants. (App. No. 1, Saucedo Aff. ¶5).

13. No referrals were made as a matter of routine. Such were only made when, based on medical necessity and chiropractic reasonableness as determined by Dr. Saucedo. No such codes or forms were entered in any manner to inflate costs for any claimant treatment. (App. No. 1, Saucedo Aff. ¶5).

14. A basic premise of the Amended Complaint is that many of the Defendants submitted

bills for medical and/or chiropractic treatment and diagnostic evaluations that the Defendants knew were improper, unreasonable, or medically or clinically unnecessary. However, Allstate fails to identify a single bill that was false or specifically explain why any given bill may have been false.

15.     Instead, Allstate relies only on the report of one of its experts, William Timberlake, D.C. to support the fraud claim. However, Dr. Timberlake failed to review each and every of the individual files but instead relied solely on the unscientific sampling of 100 files which is merely 5.8 percent of the files at issue. On the other hand, Dr. Saucedo has testified he has reviewed <u>each</u> of his patient files at issue (rather than an unscientific sample), and all such treatment rendered was medically necessary. Further, none of the files contained any "up-coding" for the purpose of enhancing the amount of the claim. (App. No. 1, Saucedo Aff. ¶5). Therefore, Defendant is entitled to summary judgment as Allstate cannot produce any evidence as to the element(s) of its fraud claim.

16.     Finally, Plaintiffs cannot produce any evidence of fraud, and in fact, their corporate representative Bruce Vest testified that there was a difference of opinion between Allstate's peer review doctors and the A&I peer review doctors of chiropractic regarding the medical treatment. (App. No. 4, Vest Dep. pp. 125-126). These alleged misrepresentations were statements of opinion, not fact and thus cannot be the subject of a recovery based on fraud.

### V. <u>No Conspiracy Exists as a Matter of Law</u>

17.     The basis of Allstate's conspiracy claims against Dr. Saucedo is that the clinic directors made patient referrals as a matter of routine to only the entities owned by Robert Smith and allowed their names to be used to authorize or confirm medically unnecessary treatment. It is undisputed that all the named defendant doctors of chiropractic are (or were at one time, if former employees) salaried employees of A&I at all times pertinent to this complaint.

BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - PAGE 9
J:\LDJ\Receivable\allstate\MSJs Affs Brfs 6-04\SaucedoBriefSumJdgt.wpd

18. In addition to the fact no illegal acts or legal acts accomplished by an illegal means occurred, Dr. Saucedo nor any of the other doctors of chiropractic can be liable for conspiracy as a matter of law as they were merely salaried employees of the corporate defendants, received no financial benefits from the alleged act, and a corporation cannot conspire with itself.

19. An actionable civil conspiracy is a combination by two or more persons to accomplish an unlawful purpose and is required to show a meeting of the minds of two or more persons on the course of action. *Elliott v. Tilton,* 89 F.3d 260, 265 (5th Cir. 1996); *Wakefield v. State Farm Insurance Companies,* 75 F.Supp. 2d 545, 549 (N.D. Tex. 1999). It is well settled that a corporation cannot conspire with itself or its agents or employees acting within the scope of the employment, no matter how many of its agents participate in the complained of action. *Id.* Agents of a corporation cannot form a conspiracy while acting in the corporate capacity without receiving personal gain. The acts of an agent and its principal are the acts of a single entity and cannot constitute conspiracy. *Elliott,* 89 F.3d at 265. Because a corporate entity cannot conspire with itself, a civil conspiracy is not legally possible where a corporation and its alleged co-conspirators are not separate entities, but stand in either a principal-agent or an employer-employee relationship with the corporation. Corporate agents cannot be liable for civil conspiracy in the absence of evidence showing that they were acting for their own personal benefit rather than for the benefit of the corporation. *Dodson v. Allstate Insurance Company,* 47 S.W.2d 866, 876 (Ark. 2001). *Texas Ohio Gas, Inc. v. Mecom,* 28 S.W. 3d 129, 138.

20. All the actions which Allstate complains of were performed by the doctors of chiropractic in their duties as salaried clinic directors or doctors of chiropractic employed by A&I. There is no allegation that the doctors of chiropractic were acting for their own personal gain in

committing the alleged acts, and in fact, as the undisputed summary judgment proof shows, they were not. (App. No. 1, Saucedo Aff. ¶¶7-11). The sole corporate representative designated by all five Plaintiffs, Bruce Vest, testified that all acts complained of would have occurred while the doctors of chiropractic were acting as employees of A&I and **none** of the doctors were acting on their own or outside the scope of their employment. (App. No. 4, Vest Dep. pp.79-81). Further, Vest testified he did not know whether the doctors received any additional income other than their salary. There is no allegation that Dr. Saucedo or any of the doctors of chiropractic received any personal benefit other than their normal salary from A&I or any other defendant entity.

21. Since the doctors were salaried employees of A&I in the course of their employment, the civil conspiracy cannot survive and must be dismissed as a matter of law. *Elliott,* 89 F.3d at 265.

22. Allstate has alleged that the employment of chiropractors is not a "normal" employment relationship because the doctors have individual professional responsibilities connected to their licensing as a chiropractic. While these doctors of chiropractic may have certain professional duties as licensed chiropractors, none of these requirements change the employer-employee relationship between A&I and the doctors. Further, there is no evidence that Dr. Saucedo violated any of his professional duties.

## VI. The Doctors Owe No Duty To Allstate

23. The uncontroverted summary judgment proof is that almost all of the patients whose claims are involved in this litigation are not insured by Allstate and are third party claims.

24. It is a well-established rule that in the ordinary course of things, a litigant must assert its own legal rights and interests, and cannot rest its claim for relief upon the legal rights and interests of third parties. *Thomas v. N.A. Chase Manhattan Bank,* 994 F.2d 236, 242 (5th Cir. 1993).

25. However, it is possible for a plaintiff to have standing to assert another's rights in limited circumstances if three criteria are met:

(i) the litigant must have suffered an injury in fact;

(ii) the litigant must have a close relationship to the third party; and

(iii) the third party must be unable to protect its own interest. (Moore's Federal Practice 3d § 101.51[3][a]).

Allstate has not asserted that any of those criteria apply to it nor can it produce any evidence concerning these criteria. When analyzed, it is obvious that none of the criteria do apply to it. Although Allstate's pleading does not clearly articulate the injury that it has or is about to suffer, it is clear it does not want to pay medically necessary medical and/or chiropractic bills. Allstate's injury apparently results through the payment of such bills.[2] However, paying legal obligations cannot be construed to be an injury. Because these are third party claims, Allstate cannot recover against the doctors of chiropractic, as any claims Allstate has for relief rest only upon the legal rights and interests of third party patients.

### VII. Summary Judgment Evidence

26. In support of his Motion, Defendant includes evidence in the attached Appendix. Defendant further incorporates by reference the Motion for Partial Summary Judgment filed by Accident & Injury Pain Centers, Inc. and all summary judgment evidence attached thereto as if fully

---

[2] It is important to keep in sight the multiple agreements that Allstate must invalidate to be entitled to the relief it seeks. Allstate's obligations to pay for medical treatments arise from its insurance contract with its insured. That insurance contract gives rise to the only rights Allstate possesses. The patient injured by the negligence of Allstate's insured receives medical treatment and agrees to pay for that treatment, either personally or through a claim brought against the party whose negligence caused the injuries. To obtain the relief it seeks, Allstate must invalidate the contract between the patient and the doctor and extinguish its obligation under its contract of insurance to pay damages to a patient injured by the negligence of its insured.

BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - PAGE 12
J:\LDJ\Receivable\allstate\MSJs Affs Brfs 6-04\SaucedoBriefSumJdgt.wpd

set forth herein. This Motion for Summary Judgment is based on the following proof included in the Appendix:

    a.    <u>Affidavits</u> - the:

        (i)    The affidavit of Dr. LOUIS SAUCEDO and all exhibits attached thereto;

        (ii)    The affidavit of Kenneth C. Thomas, B.S., M.S., D.C.; and

        (iii)    Affidavit of Lindy D. Jones regarding the authentication of documents Bates Stamped 17136-17138 and Deposition excerpts of Bruce Vest.

    b.    <u>Other.</u>

        (iv)    Excerpts from Deposition of Bruce Vest taken June 3, 2004.

        (v)    Discovery Documents Bates Stamped 17136-17138

## VIII. Conclusion

27. This doctor of chiropractic is entitled to a summary judgment as to Plaintiffs' claims as Allstate has failed to controvert Dr. Saucedo's review of **each and every** of his patient files as to the medically necessary treatment. The uncontroverted summary judgment proof as set forth herein establishes that all such treatment rendered was medically necessary and was in fact rendered on the date set forth on the bill. Allstate cannot further recover on its fraud claim as a matter of law as it cannot establish the fundamental element of reliance on any representations made by Dr. Saucedo since October of 1999. Therefore, Dr. Saucedo made no misrepresentations concerning patient treatment.

28. The proof establishes as a matter of law that Dr. Saucedo's treatment was not influenced or compromised by anyone, much less a non-chiropractor.

29. Further, as set forth above, there can be no recovery for conspiracy as a matter of law.

FOR THESE REASONS, Defendant asks the Court to grant this Motion and render final summary judgment granting Defendant all relief requested herein and enter into a judgment that Plaintiffs take nothing against Defendant; issue an order dismissing the case and awarding Defendant costs, litigation expenses and attorneys' fees as provided by law; and for such other and further relief as is just and proper. In the alternative, Defendant prays that the Court grant partial summary judgment as the Court deems appropriate.

Respectfully submitted,

JONES, ALLEN & FUQUAY, L.L.P.
8828 Greenville Avenue
Dallas, Texas 75243
(214) 343-7400 (Telephone)
(214) 343-7455 (Facsimile)

By: _____
   Lindy D. Jones
   State Bar NO. 10925500
ATTORNEYS FOR DEFENDANT
LOUIS SAUCEDO, D.C.

## CERTIFICATE OF CONFERENCE

On June 21, 2004 Counsel for Defendant had a conference with counsel for Plaintiffs regarding the merits of this Motion and no agreement could be reached. Counsel for the other Defendants do not oppose this Motion.

*Lindy D. Jones*
Lindy D. Jones

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon the following by certified mail, return receipt requested, this 21 day of June, 2004:

Mr. David Kassabian
Mr. Bret Weatherford
Kassabian & Doyle, P.C.
1521 N. Cooper Street
Suite 650, LB 21
Arlington, Texas 76011   HAND DELIVERY
*By Certified Mail, Return Receipt Requested*

Mr. Rick Disney
Douglas, Wuester & Disney, P.C.
Fort Worth Club Tower
777 Taylor Street, Penthouse I-C
Fort Worth, Texas 76102-4919
*By Electronic Transmission*

Mr. Richard E. Young
Glast Phillips & Murray, P.C.
2200 One Galleria Tower
13355 Noel Road, L.B. 48
Dallas, Texas 75240-6657
*By Electronic Transmission*

Mr. Robert H. Renneker
1412 Main Street
Suite 210
Dallas, Texas 75202
*By Electronic Transmission*

Mr. Christopher M. Weil
Weil & Petrocchi
1601 Elm Street, Suite 1900
Dallas, Texas 75201-2846
*By Electronic Transmission*

Mr. Michael E. Mears
Andrews & Kurth
1717 Main Street, Suite 3700
Dallas, Texas 75201
*By Electronic Transmission*

Mr. James D. Shields
Ms. Katherine DiSorbo
Ms. Elizabeth Basden
Shields, Britton & Fraser
5401 Village Creek Drive
Plano, Texas 75093
***By Electronic Transmission***

                                                  Lindy D. Jones