

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FILED

AUG - 3 2004

CLERK, U.S. DISTRICT COURT
by _____

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, Et. Al., | § § § | |
| Plaintiffs | § § | |
| vs. | § § § | Civil Action No. 3-01-CV2247-N |
| RECEIVABLE FINANCE COMPANY, L.L.C, Et. Al., | § § | |
| Defendants | § | |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY,
TO RESPOND TO NEW, IMPROPER REQUEST FOR RELIEF
MADE IN CHIROPRACTOR DEFENDANTS' REPLY**

Come now Plaintiffs, and move the Court for leave to file a Surreply to *Doctors of Chiropractic's Joint Reply to Plaintiffs' Response to Motion for Summary Judgment and Brief in Support Thereof.* ("the Reply")

## I.      Necessity for Surreply

1.      Attorney Lindy Jones filed the Reply on July 27, 2004.  The Reply makes a number of accusations against another Defendant, Tayana Stefanovic, D.C., who was formerly represented by Attorney Jones.[1]  These include an accusation that she lied under oath in her October 17, 2003 deposition.  The Reply also accuses Plaintiffs' counsel of being in "direct contact" with Dr. Stefanovic prior to that deposition, and that Plaintiffs' Counsel and Dr. Stefanovic have "perpetrated a fraud on this Court."

---

[1] Although Dr. Stefanovic attests Attorney Jones told her that he was withdrawing from representing her on June 23, 2004, and she subsequently obtained new counsel, Attorney Jones has not filed a Motion to Withdraw.

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY, TO RESPOND TO NEW, IMPROPER REQUEST FOR RELIEF MADE IN CHIROPRACTOR DEFENDANTS' REPLY**
**Page 1**

2.      The Reply also makes a new claim for relief.  The Reply requests the Court to prohibit Dr. Stefanovic from testifying at trial.

## II.      Brief Background

3.      On June 21, 2004, Attorney Jones filed summary judgment motions on behalf of ten of the thirteen Chiropractor Defendants he represented at that time.  Attorney Jones also represents Accident & Injury Pain Centers, Inc. ("A&I") and Receivable Finance Company, L.L.C. ("RFC") in this lawsuit.

4.      On July 12, 2004, Plaintiffs filed a Response.  Plaintiffs included with their summary judgment evidence a July 10, 2004 affidavit of Dr. Stefanovic.  (See App. pp. 1-14).  Dr. Stefanovic was one of the three Chiropractors represented by Attorney Jones for whom a summery judgment motion **had not** been filed.  Subsequent to June 21, 2004, and prior to executing the affidavit, Dr. Stefanovic obtained new counsel from the firm of Thompson & Knight.  Among other matters, Dr. Stefanovic attests:

   a.      When she called Attorney Jones' office in regard to her written discovery responses, which were inconsistent with the answers she had provided him.  Jones told her A&I owner Robert Smith was not paying him to "waste time" listening to her complaints about the discovery responses, and that "for legal reasons" the written discovery had to be answered in the manner it was answered.  (App. p. 5).

   b.      She subsequently (in late July 2003) mailed documents anonymously to Plaintiffs' counsel, because she felt the documents were responsive to Plaintiffs' discovery requests and felt it was the right course of action to take.  (App. pp. 5-6).

   c.      Attorney Jones and Attorney Mears (who also represents A&I and RFC in this case) instructed her how to answer particular questions prior to her October 2003 Deposition in this case.  The instructed her that she could not testify that she knew the owner of A&I and other Defendant Facilities,

prior to September 2003, because she had not seen corporate documents setting forth the owners. She was told to answer particular questions "I don't remember." She was told the other chiropractors had testified, when asked how A&I patients were referred to attorneys, that they told patients to look in the Yellow Pages. (App. p. 6). She would have testified differently had she not been given these instructions. (App. p. 7). A number of people attended the deposition, including Robert Smith, and she felt intimidated by these person's presence. (App. p. 7).

d.      Attorney Jones did not give her a copy of her deposition transcript to review, and ignored her messages requesting a copy. (App. p. 7). Finally, in May 2004, she sent a written request to Attorney Jones, and he contacted her and tried to dissuade her from obtaining a copy of her own testimony. (App. p. 7). When she insisted on seeing her deposition, Attorney Jones sent her a copy on disc, and she had to pay a service to have a hard copy made. (App. p. 7).

e.      Attorney Jones did not keep her advised of the status of the case. She did not know that former A&I Director of Operations, Jeffrey Crocoll, D.C., had executed an affidavit until Plaintiffs' counsel presented it at her October 2003 deposition. (App. p. 7). She was not advised of other witnesses being deposed, or that detrimental testimony had been given against A&I and other Defendants. (App. p. 7). She was not told Robert Smith was deposed, and when she discovered he had been, she had to make a written request to Attorney Jones before he would provide her with a copy of Smith's deposition. (App. p. 8).

f.      She refused to sign a summary judgment affidavit Attorney Jones provided her (which is identical in form to the affidavits signed by the ten Chiropractors who filed summary judgment motions) because the affidavit "contained a number of false statements." (App. pp. 8-9, 12-13).

g.      She was terminated a week after she refused to sign the affidavit (June 28, 2004).

5.      Since obtaining new counsel, Dr. Stefanovic has executed changes to her deposition transcript.

### III.      The Reply's Allegations

6.      The Reply makes a number of allegations against Dr. Stefanovic and Plaintiffs' counsel, and requests the Court to prohibit Dr. Stefanovic from giving testimony at trial. These include:

   a.      "Dr. Stefanovic's affidavit is in **direct contradiction to her own sworn deposition testimony and other discovery responses.** Because of such mis-statements and untruths as shown below, Dr. Stefanovic's affidavit should not be considered by this Court and she should be prohibited form testifying at trial." (emphasis original)

   b.      "Dr. Stefanovic had direct communication with Mr. Kassabian before her October 17, 2003 deposition and proceeded to lie under oath about the source of such documents."

   c.      "Mr. Kassabian knew she was the source at the time of the deposition questioning but together through this charade they have perpetrated a fraud on this Court. As a result, Dr. Stefanovic should be prohibited from testifying at trial."

7.      The Reply also complains Dr. Stefanovic waited until after the motions for summary judgment were filed before "blatantly changing [deposition] answers from 'yes' to 'no' or offering self-serving explanations for answers harmful to Allstate's case." The Reply's *Supplemental Appendix* includes thirty-six pages of her deposition testimony.[2]

### IV.      Request for Relief

8.      Plaintiffs' request leave to file a Surreply to address these matters. In brief, the Surreply will show that the allegations against Dr. Stefanovic are incredible, since

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY, TO RESPOND TO NEW, IMPROPER REQUEST FOR RELIEF MADE IN CHIROPRACTOR DEFENDANTS' REPLY**
**Page 4**

Attorney Jones instructed her how to answer deposition questions, told her that her complaints about the written discovery responses prepared by his office were a "waste" of his time, and refused to provide her with a copy of her deposition transcript.

9.     The Surreply will also show that the Reply's allegations that Plaintiffs' counsel and Dr. Stefanovic were in direct communication before her deposition, and conspired in a "charade" to "perpetrate a fraud on this Court" are untrue. (Notably, the Reply offers no evidence in support of these serious allegations). The assertion is particularly incredible in view of the fact that Plaintiffs, in their August 6, 2003 *Plaintiffs' Motion to Compel Immediate Production of Documents and Authentication* (with its supporting Brief and Appendix), advised the Court their Counsel had received documents from an anonymous source, and requested the Court to appoint an attorney ad litem to attempt contact with the person via the pager number provided with the documents. Attorney Jones opposed that Motion (See August 25, 2003 *Response to Motion to Compel Immediate Production of Documents and Authentication and Brief in Support*).

10.     The Surreply will also present the deposition changes and corrections made by Dr. Stefanovic, which the Reply fails to include. As noted herein, Attorney Jones only recently provided Dr. Stefanovic with a copy of her own deposition transcript, on disc, and she was forced to have a 'hard' copy made at her own expense. It is unexplained why Attorney Jones kept the original deposition transcript and did not provide it to Dr. Stefanovic so she could review it and make changes.

Wherefore, Premises Considered, Plaintiffs request the Court grant this Motion, and grant Plaintiffs all such further relief to which they show themselves entitled.

---

[2] Although Attorney Jones designated all deposition testimony taken in this case as confidential on June 17, 2004, he violated his own designation by filing this testimony in open record.

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY, TO RESPOND TO NEW, IMPROPER REQUEST FOR RELIEF MADE IN CHIROPRACTOR DEFENDANTS' REPLY**
**Page 5**

Respectfully submitted;

**DAVID KASSABIAN**
**TEXAS STATE BAR NO. 11105600**

**BRET WEATHERFORD**
**TEXAS STATE BAR NO. 20998800**

**KASSABIAN, DOYLE &,**
**WEATHERFORD, P.C.**
1521 North Cooper Street
Suite 650, LB 21
Arlington, TX  76011
(817) 460-5099 (Local)
(817) 461-8855 (Metro)
(817) 274-9863 (Facsimile)

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

A telephone conference was attempted with Attorney Lindy Jones, counsel for the Defendants at issue, on August 2, 2004, in regard to this Motion.  Attorney Jones' office advised that he was unavailable, and would be out of the office the whole day.  A message concerning this Motion for Leave to File Surreply was left on Attorney Jones' voice mail.  Due to the nature of the allegations raised in the Reply, and the approaching trial date, Plaintiffs present this Motion to the Court for resolution.

**DAVID KASSABIAN**

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY, TO RESPOND TO NEW, IMPROPER REQUEST FOR RELIEF MADE IN CHIROPRACTOR DEFENDANTS' REPLY**
**Page 6**

## CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing Motion has been served on the following attorneys for Defendants, by certified mail, return receipt requested, this _3ᴿᴰ_ day of August, 2004:

DAVID KASSABIAN

Mr. Rick Disney
Douglas, Wuester & Disney, P.C.
Fort Worth Club Tower, Penthouse I-C
777 Taylor Street
Fort Worth, TX 76102-4919

Mr. Lindy Jones
Jones, Allen & Fuquay, L.L.P
8828 Greenville Avenue
Dallas, TX 75243

Mr. Michael Mears
Andrews & Kurth, L.L.P.
1717 Main Street, Suite 3700
Dallas, TX 75201

Mr. Robert Renneker
1412 Main Street
Suite 210
Dallas, TX 75202

Mr. James D. Shields
Shields, Britton & Fraser
5401 Village Creek Drive
Plano, TX 75093

Mr. Chris Weil
Weil & Petrocchi, P.C.
1601 Elm Street, Suite 1900
Dallas, Texas 75201-2846

Mr. Richard Young
Glast, Phillips & Murrey, P.C.
2200 One Galleria Tower
13355 Noel Rd., LB 48
Dallas, TX 75240-6657