IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALLSTATE INSURANCE CO., *et al.* | § | |
| | § | |
|    Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:01-CV-2247-N |
| | § | |
| RECEIVABLE FINANCE CO., *et al.*, | § | |
| | § | |
|    Defendants. | § | |

## **MEMORANDUM OPINION**

Before the Court are Plaintiffs' Application for Turnover Order, Plaintiffs' Motion for Contempt, and Defendant Martinez's Motion to Supersede Judgment. The Court denies Martinez's motion, as it is not satisfied that it can adequately protect Plaintiffs' interests, given Martinez's history of financial transactions and his uncertainty regarding the state of his finances. Plaintiffs' application for turnover order is granted and the Court will appoint a receiver to collect and liquidate Martinez' nonexempt property to satisfy the subsisting judgment. Finally, Plaintiffs' motion for contempt is denied.

I. MOTION TO SUPERSEDE

Martinez is one of several defendants found jointly and severally liable to Plaintiffs for a judgment in the amount of $2,750,000. The other defendants have sought protection from the bankruptcy court while appeal of the judgment is pending. Martinez has neither posted supersedeas bond nor filed for bankruptcy. Plaintiffs (collectively, "Allstate") have accordingly pursued collection of the judgment from Martinez. Martinez has engaged in

transactions designed to place his assets beyond the reach of creditors, such as Allstate, and has been remarkably vague in his responses to post-judgment discovery.

Martinez now requests the Court essentially to stay enforcement of the judgment in exchange for his undertaking to preserve the current status quo of his assets during the pendency of the appeal. Martinez relies on *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189 (5th Cir. 1979), which provides in pertinent part:

> [I]f the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden, the court similarly is free to exercise a discretion to fashion some other arrangement for substitute security through an appropriate restraint on the judgment debtor's financial dealings, which would furnish equal protection to the judgment creditor.

*Id.* at 1191 (citations omitted). Martinez argues that permitting Allstate to collect its judgment from him is unfair for various reasons, including the harm to him from disposition of nonexempt assets at fire sale rates and the likelihood of recovery from the other judgment debtors.

The Court finds that Martinez has failed to establish that alternative restraints on his financial dealings would adequately protect Allstate. While Martinez has no obligation to organize his affairs for the benefit of Allstate, he has been aggressive and creative in his recent financial dealings. Moreover, he appears to be either evasive and dishonest when asked about those dealings, or else unusually forgetful. The combination of those characteristics leads the Court to believe that the restraints on Martinez's financial dealings that he proposes would not furnish protection to Allstate equal to either permitting it to

execute on an unsuperseded judgment or posting bond. Accordingly, Martinez's motion to supersede is denied.

## II. TURNOVER RELIEF

Allstate seeks a turnover order against Martinez, pursuant to Rule 69(a) of the Federal Rules of Civil Procedure and section 31.002 of the Texas Civil Practice and Remedies Code, the turnover statute. The turnover statute provides, in pertinent part:

> (a) A judgment creditor is entitled to aid from a court of appropriate jurisdiction through injunction or other means in order to reach property to obtain satisfaction on the judgment if the judgment debtor owns property, including present or future rights to property, that:
> (1) cannot readily be attached or levied on by ordinary legal process; and
> (2) is not exempt from attachment, execution, or seizure for the satisfaction of liabilities.
> (b) The court may:
> . . .
> (3) appoint a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment.

TEX. CIV. PRAC. & REM. CODE § 31.002.

The Court finds that Allstate has shown that Martinez owns nonexempt property that cannot be readily attached or levied on by ordinary legal process and that Allstate is therefore entitled to relief under the turnover statute.

The only serious item of dispute between Allstate and Martinez with regard to turnover relief is whether a turnover order can reach property Martinez has transferred to limited partnerships in which he holds an interest as a partner. Martinez argues that the only way for a judgment creditor to collect a judgment from a partnership interest is a charging

MEMORANDUM OPINION – PAGE 3

order, citing *Dispensa v. University State Bank*, 951 S.W.2d 797, 800 (Tex. App. – Texarkana 1997, pet. den.) ("A charging order is the sole means by which a judgment creditor can reach an individual debtor's partnership interest. TEX. REV. CIV. STAT. ANN. art. 6132b, §§ 25(2)(c), 28 (Vernon 1997).").[1]

*Dispensa* and article 6132b deal with general partnerships, however. The Texas Revised Limited Partnership Act ("TRLPA"), governs limited partnerships and permits a court charging a partnership interest to appoint a receiver. TEX. REV. CIV. STAT. ANN. art. 6132a-1 (Vernon Supp. 2004). The applicable section of TRLPA provides:

> (a) On application to a court of competent jurisdiction by a judgment creditor of a partner or of any other owner of a partnership interest, the court may charge the partnership interest of the partner or other owner with payment of the unsatisfied amount of the judgment, with interest, may then or later appoint a receiver of the debtor partner's share of the partnership's profits and of any other money payable or that becomes payable to the debtor partner with

---

[1] *Dispensa* dealt with an earlier version of the statute, the Texas Uniform Partnership Act ("TUPA"). Beginning in 1993, the Texas Legislature adopted the Texas Revised Partnership Act ("TRPA"), which was based upon the Revised Uniform Partnership Act ("RUPA") promulgated by the National Conference of Commissioners on Uniform State Law, albeit with significant changes. TRPA was drafted by the Partnership Law Committee of the Business Law Section of the State Bar of Texas ("Bar Committee"), based on an American Bar Association report and RUPA. The Bar Committee prepared written commentary on TRPA, which was reproduced almost verbatim as the bill analysis of TRPA before the Texas Legislature. The Bar Committee comments, thus, carry substantial weight in considering the statute.

While RUPA includes a charging order provision in section 504, TRPA omits this section. The Bar Committee comments to section 5.03 state: "TRPA eliminates the charging order of TUPA § 28 for a partner's personal creditor to enforce a claim against the partner's interest in the partnership. That special procedure is unnecessary in view of general procedures available to creditors. These include, in appropriate instances, judgment and execution on the partner interest, garnishment and attachment." It thus appears that *Dispensa*'s holding regarding charging orders is no longer accurate under TRPA.

> respect to the partnership, any may make all other orders, directions, and inquiries that the circumstances of the case require. To the extent that the partnership interest is charged in this manner, the judgment creditor has only the rights of an assignee of the partnership interest.
> 
> (b) The partnership interest charged may be redeemed at any time before foreclosure or, in case of a sale directed by the court, may be purchased without a dissolution being caused:
> 
> (1) with separate property of any general partner, by any one or more of the general partners; or
> 
> (2) with respect to partnership property, by any one or more of the general partners whose interest are not charged, on the consent of all general partners whose interests are not charged and a majority in interest of the limited partners, excluding limited partnership interests held by any general partner whose interest is charged.
> 
> (c) The remedies provided by Subsection (a) of this section are exclusive of others that may exist, including remedies under laws of this state applicable to partnerships without limited partners.

*Id.* § 7.03. TRLPA was drafted by the Partnership Law Committee of the Section on Corporation, Banking and Business Law of the State Bar of Texas ("Bar Committee"), based in part on the Revised Uniform Limited Partnership Act, promulgated by the National Conference of Commissioners on Uniform State Laws. The Bar Committee provided commentary to TRLPA that is at least persuasive authority regarding the intent of the statute. The Bar Committee comments to section 7.03 provide in part:

> Section 7.03(b) contemplates that the court may decree a foreclosure and sale of the charged interest. Although there is nothing explicit to this effect, a sale should not be ordered if the charging order can be expected to pay the debt in a reasonable time. The sale would convey only the right to distributions; the creditor would then have that right permanently, not merely until the debt was paid. The debtor partner would still remain a partner, retain his or her rights other than to distributions, and therefore not be subject to termination under Section 7.02(a)(4) if a general partner.

The rights of assignees under TRLPA are set forth in section 7.02. TRLPA thus separates the right of a foreclosed or assigning partner to continue as a partner, *id.* §

MEMORANDUM OPINION – PAGE 5

7.02(a)(4), from the right of a foreclosing creditor or assignee to obtain the rights "to be allocated income, gain, loss, deduction, credit, or similar items, and to receive distributions . . . ." *Id.* § 7.02(a)(3). Perhaps most significant in some cases, partnership may carry with it liabilities as well as benefits; the status of assignee permits a creditor to secure the benefits of a debtor's partnership interest without assuming the liabilities. *Id.* § 7.02(b).

The record before the Court reflects that the limited partnership is of such character that distributions to Martinez could not be expected to satisfy the judgment in a reasonable time. Accordingly, the Court finds that execution on Martinez's partnership interest is appropriate. The Court also finds that Martinez owns property that cannot readily be attached or levied on by ordinary legal process, including but not limited to ownership interest in limited partnerships and professional and other corporations that are not exempt from attachment, execution, or seizure for the satisfaction of liabilities. The Court thus finds that Allstate is entitled to appointment of a receiver under the turnover statute and TRLPA to take possession of Martinez's nonexempt property and sell it to satisfy Allstate's judgment against Martinez. The Court will by separate Order appoint a receiver under the turnover statute and direct the charging and execution upon any of Martinez' partnership interest.

### III. MARTINEZ IS NOT IN CONTEMPT

Allstate seeks to hold Martinez in contempt for his deficient responses to Allstate's post-judgment discovery and this Court's Order requiring responses to post-judgment discovery. Allstate's complaints generally are two-fold: (1) Allstate has had to obtain relevant documents from third parties; and (2) Martinez has been obstructive in deposition.

With regard to the documents, Allstate has not shown that Martinez had those documents within his actual possession, and this Court's prior Order does not explicitly require Martinez to obtain documents from third parties. While Martinez may have constructive possession of documents in the hands of third parties, the Order was not sufficiently specific on this ground to hold Martinez in contempt for failure to obtain and produce documents from third parties.

With regard to the deposition tactics, the Court is conflicted. Allstate claims that Martinez's repeated answers that he does not know or does not remember are incredible and amount to a refusal to answer questions. Martinez responds that his answers were truthful answers to inartful questions. The Court has great skepticism that a person of Martinez's education and wealth can be as ignorant of his finances as he claims he is. On balance, the Court finds that its prior determination to appoint a receiver will substantially address the gravamen of harm that Allstate claims from Martinez's poor memory, and that the Court need not exercise its contempt powers. Accordingly, Allstate's motion for contempt is denied.

## CONCLUSION

The Court has indicated that it will, by separate Order, appoint a receiver consistent with the findings and conclusions in this Memorandum Opinion. The parties are directed to confer regarding the form of such an order and the identity of such a receiver no later than one week after the date of this Memorandum Opinion. In the event the parties are unable to

agree on those matters, they are directed to submit their suggested forms of order and names of receiver no later than two weeks after the date of this Memorandum Opinion.

Signed October 19, 2005.

_____
David C. Godbey
United States District Judge

MEMORANDUM OPINION – PAGE 8