IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:01-CV-2247-N |
| RECEIVABLE FINANCE COMPANY, *et al.*, | § § § | |
| Defendants. | § § | |

# ORDER

This Order addresses Plaintiffs' motion to retax costs submitted by Defendant Accident & Injury Pain Centers, Inc. (A&I) [1008]. Plaintiffs object to several of the costs submitted by A&I, and, for the reasons explained below, the Court grants in part and denies in part Plaintiffs' motion.[1]

## I. BACKGROUND

On appeal, the Fifth Circuit awarded costs to A&I as the prevailing party. *See* FED. R. CIV. P. 54(d)(1) ("[C]osts shall be allowed as of course to the prevailing party unless the Court otherwise directs."). 28 U.S.C. § 1920 defines "costs" as used in Rule 54(d)(1). *See*

---

[1]The Court, in its discretion, grants Plaintiffs' motion for leave to file this motion to retax costs outside the time allotted by Rule 54(d)(1) of the Federal Rules of Civil Procedure [1012]. *See Baum v. United States*, 432 F.2d 85, 86 (5th 1970) (considering tardy motion to retax costs on its merits). Plaintiffs notified the Court of their intention to file this motion within the allotted time and, the Court finds, believed in good faith that the filing deadline was governed by the District's Local Rules.

ORDER – PAGE 1

*Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-45 (1987). Section 1920 defines costs as:

> (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Whether something was "necessarily obtained for use in the case is a factual determination to be made by the district court . . . . [and] the district court [has] great latitude in this determination." *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). A&I, as the prevailing party, has the burden of establishing necessity. *See id*.

Rule 39(e) of the Federal Rules of Appellate Procedure governs the taxation of costs incurred on appeal. Rule 39(e) permits the taxation of:

> (1) the preparation and transmission of the record; (2) the reporter's transcript, if needed to determine the appeal; (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and (4) the fee for filing the notice of appeal.

FED. R. APP. P. 39(e).

## II. A&I'S BANKRUPTCY COSTS ARE NOT TAXABLE IN LIEU OF A SUPERSEDEAS BOND

A&I's bankruptcy attorneys' fees are not taxable costs because filing for bankruptcy is not a form of security like a letter of credit or loan. Although Rule 39 expressly allows the taxation of "premiums paid for a supersedeas bond or other bond to preserve rights pending appeal," FED. R. APP. P. 39(e), a number of courts have allowed parties prevailing on appeal

to tax the cost of alternative forms of security obtained in lieu of a supersedeas bond. Specifically, courts have allowed the taxation of costs incurred to obtain a letter of credit or loan for the judgment amount. *See, e.g.*, *Trans World Airlines, Inc. v. Hughes*, 515 F.2d 173 (2d Cir. 1975) (allowing taxation of cost of posting a letter of credit and required audits in lieu of a supersedeas bond); *Republic Tobacco Co. v. N. Atlantic Trading Co.*, 481 F.3d 442 (7th Cir. 2007) (allowing for taxation of cost of obtaining a loan for the judgment amount in lieu of a supersedeas bond).

Here, however, it is undisputed that A&I did not obtain a letter of credit, a loan, or any other form of security. Instead, A&I chose to avail itself of the protections of a bankruptcy proceeding. Unlike a letter of credit or loan, bankruptcy provides no security to the appellee and therefore, in the Court's estimation, is not sufficiently similar to a supersedeas bond to justify an award of costs. A&I does not, and apparently cannot, direct the Court to a case permitting the taxation of bankruptcy costs when an appellant chose to file for bankruptcy rather than obtain a bond. Accordingly, the Court grants Plaintiffs' motion with respect to A&I's bill for bankruptcy fees as a cost incurred in lieu of obtaining a supersedeas bond. A&I shall reduce its Bill of Cost by $225,471.03.

### III. A&I'S PRIVATE PROCESS SERVER FEES ARE NOT TAXABLE COSTS

Further, because A&I has not shown that there is anything exceptional about the parties or the nature of this case, or that service by mail would not have been sufficient, the Court grants Plaintiffs' motion with respect to A&I's bill for private process server costs. *See Cypress-Fairbanks Indep. Sch. Dist. v. Michael F.*, 118 F.3d 245, 257 (5th Cir. 1997)

(reversing district court's award of private service costs where there was "nothing exceptional about the parties or the nature of th[e] case" showing that service by private means was necessary). Section 1920 expressly authorizes only the taxation of service fees charged by the United States Marshals Service. Therefore, there is no statutory authorization for awarding private process server fees as costs, and the Court can find nothing exceptional about the nature of this case that would require A&I to use private process servers. Accordingly, A&I shall reduce its Bill of Cost by $2,485.60.

### IV. ONLY SOME OF A&I'S COURT REPORTER FEES ARE TAXABLE

Plaintiffs next object to A&I's bill for court reporter fees on the grounds that A&I billed the cost of videotaping four depositions and also the cost of both partial and complete trial transcripts.[2] The Court grants Plaintiffs' motion on both grounds.

#### A. Video Deposition Costs Are Not Taxable

In the Fifth Circuit, costs associated with videotaping a deposition are not taxable. *See Van v. Anderson*, 66 Fed. Appx. 524, 2007 WL 21017016, at *2 (5th Cir. Apr. 14, 2003) ("section 1920 does not authorize recovery of costs for the videotapes of depositions" (citing

---

[2]Plaintiffs also briefly object to A&I's bill for transcripts of four depositions (of two defendants and two defense experts) on the grounds that Plaintiffs, not A&I, took those depositions. However, ordering a transcript of the deposition of one's own witness is not per se a matter of convenience. *See Serling v. Am. Airlines, Inc.*, 237 Fed. App'x 972, 976 (5th Cir. 2007) (finding that district court did not abuse its discretion by allowing defendant to recover the cost of obtaining copies of depositions of its own witnesses). The Court is satisfied that these deposition transcripts were reasonably necessary to A&I's defense of this case at the time A&I ordered them. *See id.* (noting that depositions of one's own witnesses can be necessary for "preparation for . . . summary judgment proceedings, various pre-trial proceedings . . ., and trial").

*Migis v. Pearl Vision, Inc.*, 135 F.3d 1041, 1049 (5th Cir. 1998))). Here, A&I's Bill of Cost does not separate costs associated with videotaping from those deposition costs that are otherwise properly taxable. Therefore, the Court cannot say with any certainty which submitted costs are taxable and which are not. Accordingly, the Court holds that A&I has failed to meet its burden of proof as to these costs and grants Plaintiffs' motion with respect to the total cost of each videotaped deposition.[3] The Court, however, also grants A&I leave to amend its Bill of Cost to itemize their videotaped deposition costs. If A&I is unable to do so, it shall reduce its costs for court reporting by $3,394.05.

### B. *A&I's Trial Transcript Costs Are Mostly Taxable*

Plaintiffs also argue that A&I submitted overlapping costs for court reporting services because A&I ordered both partial trial transcripts and a complete trial transcript. A&I argues that it billed, in addition to the cost of the partials themselves, only the cost necessary to *complete* the trial transcript net of the cost to create the partials. Therefore, A&I asserts, it has not requested more than the cost of one complete trial transcript in all. Although A&I is correct that, pursuant to guidelines set by the Judicial Conference of the United States, court reporters do not charge overlapping *original* page fees for pages that were previously transcribed, court reporters do charge *copy* page fees for those pages when they are later reproduced in a larger transcript. The Court holds that, when a transcript is ordered in pieces and the party seeking to recover that cost fails to offer evidence suggesting that the partials

---

[3]It appears from A&I's Bill of Cost that the depositions of Kathryn Wade, William Timberlake, Glenda Coulson, and Bruce Vest (September 2, 2004 deposition) were videotaped.

were necessary for some specific purpose, copy fees for previously-transcribed pages should be considered costs incurred for attorney convenience rather than necessity. Here, A&I fails to point the Court to any specific need for the partial transcripts at issue. Accordingly, A&I shall reduce its costs for trial transcripts by $726.25 (875 partial pages * $0.83/page copy fee).

## V. A&I's Copying Costs Are Mostly Taxable

The majority of A&I's copy costs are taxable because the Court finds that they were reasonably necessary for the defense of this case. Plaintiffs first argue that A&I cannot recover the cost of copying Plaintiffs' insurance claim files because Plaintiffs made those documents available to A&I upon reasonable notice in a room at the offices of Plaintiffs' counsel. The Court disagrees. Plaintiffs' claim files were of central importance in this case, and, therefore, the Court finds that it was reasonably necessary for A&I to make copies of relevant portions of these files.

Plaintiffs also object that A&I's descriptions of various other copy costs are too vague to show that the copies were necessary for use in this case. The Court finds that A&I's descriptions largely show that the billed copies relate to various document-intensive aspects of the case – e.g., discovery and preparation of trial and deposition exhibits – and therefore reflect amounts reasonably necessary to defend this case. *See Fogleman*, 920 F.2d at 286 (noting that section 1920 does not require "a prevailing party to identify every xerox copy made for use in the course of legal proceedings."). However, A&I also seeks recovery for the cost of some copies that it generically describes as "Copies Light Litigation Copies,"

"Copies Heavy Litigation Copies," or "Copies for Trial."[4] Given these scant descriptions, the Court cannot say with any certainty that these copies were necessary, and not merely for attorney convenience. Accordingly, the Court holds that A&I has failed to meet its burden of proof as to these copy costs and grants Plaintiffs' motion with respect to each. The Court again, however, grants A&I leave to amend its Bill of Cost to provide additional detail regarding the necessity of these copies. If A&I is unable to do so, it shall reduce its copy costs by $13,149.48.

Plaintiffs additionally objects that A&I's copy costs bill contains costs for bates-labeling, tabbing, binding, and scanning. The Court agrees. Section 1920 does not allow for the recovery of these costs. *See Roehrs v. Conesys, Inc.*, No. 3:05-CV-829-M, 2008 WL 755187, at *3 (N.D. Tex. Mar. 21, 2008) ("The few cases from within this circuit that have addressed this issue declined to award costs for electronic conversion of documents."); *Reyes v. Tex. Ezpawn, L.P.*, No. V-03-128, 2007 WL 4530533, at *3 (S.D. Tex. Dec. 19, 2007) ("§ 1920 does not authorize costs for binding."); *Conoco, Inc. v. Energy & Env't Int'l, L.C.*, No. Civ.A. H-01-4242, 2006 WL 734396, at *1 (S.D. Tex. Mar. 22, 2008) (rejecting bills for "binding," "tab/indexes/dividers," "bates labels/print," "exhibit lables," and "scanned images" because such costs "are not eligible for recovery . . . under Rule 54(d)").

---

[4]Specifically, the Court is referring to A&I's copy invoices dated March 17, 2004, April 21, 2004, August 7, 2004, and August 9, 2004 to September 18, 2004. A&I fails to offer any specific description of these copies. Although some of these invoices appear to have handwritten notes on them that may describe what the copies were used for, these notes are largely illegible as they appear in the record.

Accordingly, the Court grants Plaintiffs' motion with respect to all costs for labeling, tabbing, binding, and scanning.[5]

The Court also grants Plaintiffs' motion with respect to several specific items listed among A&I's copy costs. A&I's bill includes a $420.55 charge for the duplication and conversion of "audio tapes," a $200 charge for "video duplication," a $400 charge for the duplication of "CD(s)," and a $10 charge for the purchase of a shipping box. These costs are clearly not "[f]ees for exemplification and copies of papers." 28 U.S.C. § 1920. Accordingly, A&I shall reduce its copy costs by $1,030.55.

A&I's copy costs also include $80 for "computer time" and "computer time after hours" and $130 for "reprographic labor after hours." Although these costs are arguably fees incurred in the process of obtaining "copies of papers," the Court finds it more likely than not that these costs were incurred for attorney convenience, and not out of necessity. Accordingly, the Court holds that A&I has failed to meet its burden with respect to these costs and shall further reduce its copy costs by $210.

---

[5]Some courts have allowed for the taxation of scanning costs when those costs are necessary to comply with electronic filing requirements. *See Twee Jonge Gezellen (PTY) Ltd. v. Owens-Illinois*, No. 3:04CV7349, 2008 WL 905996, at *8 (N.D. Ohio Mar. 31, 2008) ("[I]nasmuch as courts, such as this one, now require filing to be made electronically, costs associated with converting documents to electronic form, if done solely for the purpose of complying with the court's directive, must be considered necessary and recoverable."). However, the Court need not decide here whether to adopt such a rule because none of A&I's scanning costs appear to be associated with electronic filing.

ORDER – PAGE 8

### VI. A&I'S COSTS ON APPEAL HAVE ALREADY BEEN PAID

Finally, the Court grants Plaintiffs' motion with respect to A&I's bill for $903 for costs incurred upon appeal. A&I acknowledges in its Response that Plaintiffs previously paid those fees. Accordingly, A&I shall reduce its Bill of Cost by $903.

### CONCLUSION

For the reasons explained above, the Court grants in part and denies in part Plaintiffs' motion to disallow costs. The Court orders A&I to amend its Bill of Cost in accordance with this Order.

Signed April 22, 2008.

_____
David C. Godbey
United States District Judge

ORDER – PAGE 9